**1649½ TENNANT vs. CROCKER** (Mayor, Mt. Clemens), No. 11384, 85 M., 328.

To compel respondent to reverse his decision in declaring a resolution authorizing the purchase of certain land, carried, and to declare it lost.
Denied April 24, 1891.

(1) Whether land is a public highway by user or not will not be decided in mandamus proceedings.

(2) It is within the province of the Supreme Court to restrain

public bodies and officers of the municipal divisions of the State from exceeding their jurisdiction, and to require them to perform such specific duties as the law imposes upon them (Attorney-General vs. Board, 64 M., 607; Coll vs. Board, 83 Id., 367); and the writ has often been exercised to compel such bodies or officers to reverse their decisions (People vs. Supervisors, 3 M., 475; People vs. Auditors, 13 Id., 233).

(3) The writ of mandamus is a discretionary one, and will not be issued in all cases, even where a prima facie right to relief is shown; but regard will be had to the exigency which calls for an exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing upon the particular case.

Held also, that the decision did not involve the exercise of discretion, but was ministerial; that the action of the mayor was illegal; that no valid contract could be entered into under the resolution; that no injury can arise to the city on account of the action complained of; that the performance of the act prayed for would be merely prefunctory, adding nothing to the legal status of the record and that the writ will not be granted to compel the performance of an idle ceremony.